UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ROBERT V. BRISCOE,

                        Plaintiff,

   -against-

U.S. DEPARTMENT OF VETERANS AFFAIRS,
UNITED STATES ARMY & ARMED FORCES,
U.S. DVA MEDICAL CENTER NORTHPORT,
U.S. DEPARTMENT OF DEFENSE,

                        Defendants.
-----------------------------------------------------------------X

**ORDER**
14-CV-1771(SJF)(GRB)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y
★ APR 28 2014 ★
LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

On March 18, 2014, *pro se* plaintiff Robert V. Briscoe ("plaintiff") filed: (1) a complaint against defendants U.S. Department of Veterans Affairs ("the VA"), United States Army and Armed Forces ("the Army"), the U.S. [VA] Medical Center Northport ("the VA Medical Center") and the U.S. Department of Defense ("DOD"), asserting claims seeking damages for medical malpractice and wrongful death concerning the death of his father, Robert B. Briscoe, in 1988, while he was "under the care of the [VA]" at "the VA Medical Center in Northport, N.Y.," (Compl. at ¶ III.A-B), which are liberally construed to be tort claims against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b) and 2671 *et seq.*[1];

---

[1] "The FTCA * * * precludes tort suits against federal agencies[,]" Rivera v. United States, 928 F.2d 592, 609 (2d Cir. 1991), and makes the United States "[t]he only proper federal institutional defendant in such an action." Id.; see also 10 U.S.C. § 1089(a) ("The remedy against the United States provided by [the FTCA] for damages for personal injury, including death, caused by the negligent or wrongful act or omission of any physician, dentist, nurse, pharmacist, or paramedical or other supporting personnel (including medical and dental technicians, nursing assistants, and therapists) of the armed forces * * * [and] the Department of Defense * * * in the performance of medical, dental, or related health care functions * * * while acting within the scope of his duties or employment therein or therefor shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against such physician, dentist, nurse, pharmacist, or paramedical or other supporting personnel (or the estate of such person) whose act or omission gave rise to such action or proceeding. * * *"); 28 U.S.C. §§ 2679(a)

and (2) an application to proceed *in forma pauperis*. Since plaintiff's financial status, as set forth in his declaration in support of his application to proceed *in forma pauperis*, qualifies him to commence this action without prepayment of the filing fees, see 28 U.S.C. § 1915(a)(1), his application to proceed *in forma pauperis* is granted. However, for the reasons set forth below, the complaint is *sua sponte* dismissed without prejudice pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

I. Subject Matter Jurisdiction

A. Standard of Review

Federal courts are courts of limited jurisdiction, see Gunn v. Minton, — U.S. —, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013); Mims v. Arrow Financial Services, LLC, — U.S. —, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012), and may not preside over cases absent subject matter jurisdiction. See Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005) (holding that federal courts may not exercise jurisdiction

---

("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.") and (b) ("The remedy against the United States provided by [the FTCA] for * * * personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred."); 38 U.S.C. § 7316(a)(1) ("The remedy–(A) against the United States provided by [the FTCA] * * * for damages for personal injury, including death, allegedly arising from malpractice or negligence of a health care employee of the [Veterans Health] Administration in furnishing health care or treatment while in the exercise of that employee's duties in or for the [VA] shall be exclusive of any other civil action or proceeding by reason of the same subject matter against the health care employee (or employee's estate) whose act or omission gave rise to such claim.")

2

absent a statutory basis); Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (holding that federal courts "possess only that power authorized by Constitution and statute * * *.") Lack of subject matter jurisdiction cannot be waived or forfeited and may be raised at any time by a party or by the court *sua sponte*. See Gonzalez v. Thaler, — U.S. —, 132 S. Ct. 641, 648, 181 L. Ed. 2d 619 (2012); see also Sebelius v. Auburn Regional Medical Center, — U.S. —, 133 S. Ct. 817, 824, 184 L. Ed. 2d 627 (2013) ("Objections to a tribunal's jurisdiction can be raised at any time, even by a party that once conceded the tribunal's subject-matter jurisdiction over the controversy."). If a court lacks subject matter jurisdiction, it must dismiss the action. See Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y & H Corp., 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006); Fracasse v. People's United Bank, — F.3d —, 2014 WL 1243811, at * 2 (2d Cir. Mar. 27, 2014); Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62-3 (2d Cir. 2009).

It is axiomatic that district courts are required to read *pro se* complaints liberally, Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); Hogan v. Fischer, 738 F.3d 509, 515 (2d Cir. 2013), and to construe them "to raise the strongest arguments that they suggest." Gerstenbluth v. Credit Suisse Securities (USA) LLC, 728 F.3d 139, 142-43 (2d Cir. 2013) (quotations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Harrington v. County of Suffolk, 607 F.3d 31, 33 (2d Cir. 2010); see also Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

B. <u>Sovereign Immunity</u>

"The United States, as sovereign, is immune from suit save as it consents to be sued... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." <u>Hercules Inc. v. United States</u>, 516 U.S. 417, 422-23, 116 S. Ct. 981, 134 L. Ed. 2d 47 (1996) (quotations, brackets and citation omitted); <u>see also</u> <u>AmBase Corp. v. United States</u>, 731 F.3d 109, 118 (2d Cir. 2013) (accord). In <u>Long Island Radio Co. v. National Labor Relations Board</u>, 841 F.2d 474, 477 (2d Cir. 1988), the Second Circuit held:

> "Since jurisdiction to entertain a claim against the United States exists only as Congress has granted it, neither an agency nor a court has the power to entertain claims that do not meet the conditions limiting the waiver of immunity. Where a statute authorizing a claim against the United States contains time limits for filing the claim, those limits set the temporal boundaries of the consent to be sued; they grant the tribunal in which the claim is to be filed jurisdiction to entertain only those claims that are filed within the time allowed by the statute. * * * [S]uch a time limit is an enabling statute, evidencing a consent to be sued and fixing the time for suing; it is not a statute of limitations but a statute granting for a limited time the right of action afforded."

<u>Id.</u> (quotations, brackets and citations omitted); <u>see also</u> <u>Morales v. United States</u>, 38 F.3d 659, 660 (2d Cir. 1994) ("A claimant is not entitled to bring suit against the government without first having complied with all statutory and regulatory prerequisites to such a suit."); <u>Williams v. United States</u>, 947 F.2d 37, 39 (2d Cir. 1991) ("When an action is brought against the United States government, compliance with the conditions under which the government has agreed to waive sovereign immunity is necessary for subject matter jurisdiction to exist.")

C. <u>The FTCA</u>

"The FTCA * * * was designed primarily to remove the sovereign immunity of the United States from suits in tort[,]" <u>Levin v. United States</u>, — U.S. —, 133 S. Ct. 1224, 1228, 185 L. Ed. 2d 343 (2013) (quotations and citation omitted), and "gives federal district courts exclusive

4

jurisdiction over claims against the United States for '* * * personal injury or death caused by the negligent or wrongful act or omission' of federal employees acting within the scope of their employment." Id. (quoting 28 U.S.C. § 1346(b)(1)); see also Celestine v. Mount Vernon Neighborhood Health Center, 403 F.3d 76, 80 (2d Cir. 2005) ("The FTCA waives the United States's sovereign immunity for certain classes of torts claims and provides that the federal district courts shall have exclusive jurisdiction over damages claims against the United States for * * * personal injury or death 'caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" (quoting 28 U.S.C. § 1346(b)(1))). Specifically, the FTCA waives the United States's sovereign immunity for, *inter alia*, medical malpractice claims based upon negligence, see Levin, — U.S. —, 133 S. Ct. at 1231 ("[M]edical malpractice claims may be based on negligence, in which case the FTCA's waiver of the Government's sovereign immunity is not in doubt."), and wrongful death claims, see Davis v. United States, 143 F. App'x 371, 372 (2d Cir. July 25, 2005) (summary order) ("FTCA permits individuals to file, *inter alia*, wrongful death tort claims against the United States based on the acts of a government employee who is acting within the scope of his or her employment").

The FTCA's waiver of sovereign immunity, however, "operates subject to numerous conditions, each of which must be satisfied for a court to exercise jurisdiction." Adeleke v. United States, 355 F.3d 144, 153 (2d Cir. 2004); see also In re World Trade Center Disaster Site Litigation, 521 F.3d 169, 189 (2d Cir. 2008) (accord); Johnson v. Smithsonian Inst., 189 F.3d 180, 189 (2d Cir. 1999) ("In order to state a claim under the FTCA, the person attempting to assert it must comply with several strictly construed prerequisites.") "One such condition is that a plaintiff must first file an administrative claim with the appropriate federal agency before suing

for relief in federal court." Adeleke, 355 F.3d at 153; see also McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies"); Celestine, 403 F.3d at 82 ("The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court."); Millares Guiraldes de Tineo v. United States, 137 F.3d 715, 719 (2d Cir. 1998) ("The [FTCA's] limitations foreclose suit unless the tort claimant has previously presented to the appropriate administrative agency a claim that meets the specific statutory requirements as to its form, content, and timing.") Specifically, the FTCA provides, in relevant part:

> "An action shall not be instituted upon a claim against the United States for money damages for * * * personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. * * *"

28 U.S.C. § 2675(a).[2] This exhaustion requirement "is jurisdictional and cannot be waived[,]" Celestine, 403 F.3d at 82, and "applies equally to litigants with counsel and to those proceeding *pro se*." Adeleke, 355 F.3d at 153.

The FTCA further provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by

---

[2] "[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant, * * * an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for * * * personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, * * *." 28 C.F.R. § 14.2(a).

6

certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b); see also Phillips v. Generations Family Health Center, 723 F.3d 144, 147 (2d Cir. 2013) ("Under the FTCA, before a claimant can file suit, he or she must first present the claim to the appropriate federal agency * * * within two years of the date the claim accrued. 28 U.S.C. § 2401(b).") "Unless a plaintiff complies with that requirement [of Section 2401(b)], a district court lacks subject matter jurisdiction over a plaintiff's FTCA claim." Johnson, 189 F.3d at 189 (citation omitted); see also In re Agent Orange Product Liability Litigation, 818 F.2d 210, 214 (2d Cir. 1987) ("[S]ection 2401(b) of 28 U.S.C. provides time limitations that * * * are jurisdictional in nature. * * * In the absence of such compliance [with the requirements of Section 2401(b)], a district court has no subject matter jurisdiction over the plaintiff's [FTCA] claim."); Wyler v. United States, 725 F.2d 156, 159 (2d Cir. 1983) ("Absent compliance with [Section 2401(b)'s] requirements the action is barred by sovereign immunity and the district court ha[s] no subject matter jurisdiction.") "In sum, the United States has not consented to be sued on a tort claim unless the claim was first presented to the appropriate federal agency in writing, was so presented within two years after the claim accrued, and specified the amount of the claim in writing." Millares Guiraldes de Tineo, 137 F.3d at 720.

"The burden is on the plaintiff to plead and prove compliance with §2401(b)." Johnson, 189 F.3d at 189; see also Gilvar v. United States, 468 F. App'x 31, 32 (2d Cir. Mar. 14, 2012) (summary order) ("Because the question of timeliness [of an FTCA claim] is jurisdictional, the plaintiff bears the burden of pleading and proving timeliness."); In re Agent Orange Product Liability Litigation, 818 F.2d at 214 ("The burden is on the plaintiff to both plead and prove compliance with the statutory requirements [of Section 2401(b)].")

Although "[s]tatutes of limitations are generally subject to equitable tolling where

7

necessary to prevent unfairness to a plaintiff who is not at fault for her lateness in filing," see, e.g. Veltri v. Building Service 32B-J Pension Fund, 393 F.3d 318, 322 (2d Cir. 2004), equitable principles of tolling, estoppel and waiver do not apply where, as here, "the limitation on the filing of such claims is a limitation of the tribunal's subject matter jurisdiction * * *."[3] Long Island Radio, 841 F.2d at 478. The Supreme Court has recently held:

> "As a general matter, equitable tolling pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action. [citation omitted]. Because the doctrine effectively extends an otherwise discrete limitations period set by Congress, whether equitable tolling is available is fundamentally a question of statutory intent. [citations omitted].
>
> As applied to federal statutes of limitations, the inquiry begins with the understanding that Congress 'legislate[s] against a background of common-law adjudicatory principles.' Astoria Fed. Sav. and Loan Assn. v. Solimino, 501 U.S. 104, 108, 111 S. Ct. 2166, 115 L. Ed. 2d 96 (1991). Equitable tolling, * * * is just such a principle. [citations omitted]. We therefore presume that equitable tolling applies if the period in question is a statute of limitations and if tolling is consistent with the statute. [citation omitted]."

---

[3] In Phillips, the Second Circuit declined to decide whether equitable tolling of the statute of limitations under the FTCA is available, indicating, *inter alia*:

> "Whether equitable tolling is available at all under the FTCA is an open question in this circuit. Although we have sometimes hinted that equitable tolling might be appropriate * * *, we have explicitly declined to resolve whether the FTCA's statute of limitations is 'jurisdictional' *and, hence, not subject to tolling* * * *. We leave it for the district court to consider in the first instance on remand, if necessary, whether the FTCA's statute of limitations is jurisdictional."

723 F.3d at 149 (emphasis added). Since the FTCA's limitations, like the limitations set by other statutes waiving the United States's sovereign immunity, are jurisdictional, see, e.g. Celestine, 403 F.3d at 82 (holding that the FTCA's exhaustion requirement "is jurisdictional and cannot be waived"); In re Agent Orange Product Liability Litigation, 818 F.2d at 214 ("[S]ection 2401(b) of 28 U.S.C. provides time limitations that * * * are jurisdictional in nature"); Long Island Radio, 841 F.2d at 477 ("[T]he limitation on the filing of * * * claims [under the Equal Access to Justice Act, 5 U.S.C. § 504 (1982)] is a limitation of the tribunal's subject matter jurisdiction * * *"), those limitations are not subject to equitable tolling.

Lozano v. Montoya Alvarez, — U.S. —, 134 S. Ct. 1224, 1231-32, — L. Ed. 2d — (2014) (brackets in original). The Supreme Court further held:

> "As a general matter, statutes of limitations establish the period of time within which a claimant must bring an action. * * * They characteristically embody a policy of repose, designed to protect defendants. * * * And they foster the elimination of stale claims, and certainty about a plaintiff's opportunity for recovery and a defendant's potential liabilities."

Id. — U.S. —, 134 S. Ct. at 1234 (quotations, brackets and citations omitted).

However, in an earlier case, John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 128 S. Ct. 750, 169 L. Ed. 2d 591 (2008), the Supreme Court distinguished the type of statute of limitations designed to eliminate stale claims, to which the Lozano Court referred, from other types of statutes of limitations, including those "limiting the scope of a governmental waiver of sovereign immunity." Id. at 133, 128 S. Ct. 750. Specifically, the Court held:

> "Most statutes of limitations seek primarily to protect defendants against stale or unduly delayed claims. * * * Thus, the law typically treats a limitations defense as an affirmative defense that the defendant must raise at the pleadings stage and that is subject to rules of forfeiture and waiver. * * * Such statutes also typically permit courts to toll the limitations period in light of special equitable considerations. * * *
>
> Some statutes of limitations, however, seek not so much to protect a defendant's case-specific interest in timeliness as to achieve a broader system-related goal, such as facilitating the administration of claims, * * * *limiting the scope of a governmental waiver of sovereign immunity,* * * * or promoting judicial efficiency, * * *. The Court has often read the time limits of these statutes as more absolute, say, as requiring a court to decide a timeliness question despite a waiver, or as forbidding a court to consider whether certain equitable considerations warrant extending a limitations period. * * * As convenient shorthand, the Court has sometimes referred to the time limits in such statutes as 'jurisdictional.'"

Id. 552 U.S. at 133-34, 128 S. Ct. 750 (citations omitted; emphasis added). Thus, since the FTCA's requirements act to limit the scope of the government's waiver of sovereign immunity, they are jurisdictional in nature and, therefore, the doctrine of equitable tolling does not apply to

9

them.

Since plaintiff does not allege that he has complied with the requirements of the FTCA, nor has he alleged any facts from which it may reasonably be inferred that this Court has subject matter jurisdiction over his claims under the FTCA, the complaint is *sua sponte* dismissed in its entirety without prejudice pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

II. Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted and the complaint is *sua sponte* dismissed in its entirety without prejudice pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. The Clerk of the Court shall close this case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon plaintiff in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**　　　　　　　　　　　　s/ Sandra J. Feuerstein

　　　　　　　　　　　　　　　　　　　　Sandra J. Feuerstein
　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated:　　April 28, 2014
　　　　　　Central Islip, New York

10